**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20-cr-395-3 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| DEBRA ADAMSON, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Debra Adamson ("Adamson") for compassionate release and/or sentence reduction based on health conditions. (Doc. No. 314 (Motion).) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 319 (Opposition).) Because the Court finds it is without authority to grant the requested relief, the motion is DENIED.

I.    BACKGROUND

On July 23, 2020, an indictment issued against Adamson and seven others charging them with participating in a fraudulent scheme to falsify the results of clinical trials of investigational new medications. (Doc. No. 1.) Adamson, who was the vice president of a research company hired by pharmaceutical manufacturers to conduct the clinical trials, played an integral role in falsifying the data from the trials. (*Id*.) On July 11, 2022, Adamson entered guilty pleas to one count of conspiracy to commit mail fraud and wire fraud, two counts of wire fraud, and one count of conspiracy to defraud the United States. (Minutes of Proceedings [non-document], 7/11/2022;

Doc. No. 188 (Transcript of Change of Plea Hearing).)

Prior to sentencing, defense counsel filed an extensive sentencing memorandum, requesting a downward departure from the guidelines range of 33 to 41 months imprisonment. (Doc. No. 284 (Sentencing Memorandum), at 1; *see* Doc. No. 246 (Presentence Investigation Report ["PSR"]) ¶ 68.) The request was based on Adamson's significant health conditions that were identified in the PSR and will not be repeated herein. (Doc. No. 284, at 3 (quoting Doc. No. 246 ¶ 58).) Adamson's recent medical records were attached to the memorandum. (Doc. Nos. 284-1 through 284-4.)

On March 15, 2023, the Court sentenced Adamson to a term of imprisonment of 5 months, to be followed by 3 years of supervised release (with the first 5 months to be served with location monitoring), restitution in the amount of $2,478,042.00, and a mandatory special assessment of $400.00. (Minutes of Proceedings [non-document], 3/15/2023; Doc. No. 288 (Judgment).) Much of the sentencing hearing was devoted to discussing the appropriateness of a downward departure in light of Adamson's significant medical conditions. In arriving at its sentence, the Court departed eight levels from a total offense level of 20 to a level 12, which resulted in a 10 to 16 month guidelines range, due to Adamson's age (70 years) and her physical condition. (*Id.*; *see* Doc. No. 289 (Statement of Reasons), at 2.) The Court then sentenced Adamson to a low-end guidelines sentence with half of her time to be served via location monitoring. Adamson was further permitted to self-surrender to the U.S. Marshals, and her self-surrender date was set as April 17, 2023.

In light of Adamson's medical conditions, the Bureau of Prisons ("BOP") designated her to FCI Carswell in Fort Worth, Texas. Adamson moved to delay her report date so that her daughter—Aimee Demming, one of Adamson's co-conspirators—could arrange for her ground

transportation from Tennessee to Texas due to Adamson's inability to fly. (Doc. No. 308 (Motion

to Delay).) The Court granted the motion and reset Adamson's report date as May 17, 2023. (Order

[non-document], 4/13/2023.)

In the present motion, Adamson maintains that her medical condition "continues to

deteriorate[,]" noting that she is "virtually bedridden." (Doc. No. 314, at 1.) Based on her medical

situation, she seeks "an additional level reduction to a Total Offense Level 11." (*Id*.) According to

Adamson, "[t]his would allow the Court to fashion a Zone B sentence." (*Id*.) She further requests

that the Court give her "credit for the day she spent in custody when she was initially charged and

order a ten-month home detention." (*Id*.) She requests that the Court "reduce her sentence by

vacating her current sentencing," and re-sentence in accordance with the parameters outlined in

her motion. (*Id*. at 3.) The government opposes the motion, noting that Adamson has not exhausted

her administrative remedies with the BOP and further arguing that Adamson is not otherwise

entitled to a compassionate release under 18 U.S.C. § 3582. (Doc. No. 319, at 1.)

**II.    DISCUSSION**

The sentencing court has no inherent authority to reconsider and/or modify an otherwise

valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Instead, the

authority of the Court to resentence a defendant is limited by statute. *United States v. Houston*,

529 F.3d 743, 748–49 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir.

2001)); *see United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) ("Generally speaking,

once a court has imposed a sentence, it does not have the authority to change or modify that

sentence unless such authority is expressly granted by statute.") Under 18 U.S.C. § 3582(c), a court

may only modify a term of imprisonment under the following circumstances: (1) upon a motion

of the Director of the Bureau of Prisons ("BOP") or defendant for compassionate release; (2) as

expressly permitted by statute or by Fed. R. Crim. P. 35; or (3) where a defendant has been

sentenced to a term of imprisonment based on a sentencing range that has subsequently been

lowered by the Sentencing Commission. § 3582(c)(1)–(2).

Adamson does not seek relief under Rule 35, nor does she maintain that she was sentenced

to a term of imprisonment based on a sentencing range that has subsequently been lowered. And

while Adamson cites the compassionate release statute, it is evident from the face of the motion

that she is truly requesting that the Court reconsider the sentence it issued only two months ago by

vacating the original sentence and recalculating the guidelines range using a lower offense level.

(*See* Doc. No. 314, at 1, 3.) Because the Court lacks the authority to fashion a new guidelines

sentence based on a lower offense level, her motion is DENIED.

But even if the motion could be construed as a request for compassionate release, it would

be denied on the merits.[1] "The compassionate release provision [of § 3582] permits the district

court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons'

warrant a reduction; that a reduction is consistent with the applicable policy statements issued by

the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a

reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. §

3582(c)(1)(A)(i)). The district court must also consider all relevant § 3553(a) factors to determine

---

[1] The government insist that the Court could not reach the merits of any compassionate release motion because Adamson has yet to exhaust her administrative remedies, while Adamson notes that she is not yet in BOP custody, and, therefore, "there is no BOP warden for her to petition." (Doc. No. 314, at 3; Doc. No. 319, at 1.) *See United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (the exhaustion requirement is a mandatory, claim-processing rule). The Sixth Circuit has yet to address whether a court can adjudicate a compassionate release motion before a federal defendant is in BOP custody, and there is a split in the district courts. *See United States v. Maxwell*, 567 F. Supp. 3d 824, 829–30 (S.D. Ohio 2021) (collecting cases). Because the Court rules that any compassionate release motion would fail on the merits, it need not wade into this controversy.

whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980

F.3d 1098, 1114–15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions

when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address

the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at

1108)).

The basis upon which Adamson relies for compassionate release—her medical

conditions—was known to the Court at the time of sentencing and factored substantially into the

Court's decision to depart downward. It is well settled that facts that existed at the time of

sentencing cannot support a finding of extraordinary and compelling reasons for compassionate

release. *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021); *see United States v. McKinnie*,

24 F.4th 583, 588 (6th Cir. 2022) (citing *Hunter* and noting that defendant's "hypertension and

obesity are not new developments; these facts were before the district court at the time of his

sentencing"). While Adamson suggests that her medical condition "continues to deteriorate," she

offers no new information to substantiate this assertion.[2] Because the "extraordinary and

compelling reason" inquiry focuses on post-sentencing developments, *see Hunter*, 12 F.4th at 569,

simply indicating that the medical conditions of which the Court was fully aware at sentencing

two months ago "continue[] to deteriorate"[3] does not inform the Court of how or whether her

---

[2] Appended to her motion is a short letter from one of Adamson's medical providers, P. Michael McClellan NP-C. (Doc. No. 314-1 (Letter).) NP-C McClellan notes that Adamson has been released from the skilled nursing facility where she was receiving physical and occupational therapy and opines that it would be difficult and painful for her to travel by car or airplane to Texas where she is to report to prison. (*Id*.) He does not, however, provide any information on whether, or to what extent, Adamson's medical conditions have deteriorated since sentencing.

[3] The fact that she maintains that she is "virtually bedridden" also does not convey new information. The Court permitted Adamson to participate in the sentencing hearing on March 15, 2023, via video conferencing, from her hospital bed.

personal circumstances have materially changed since sentencing.[4] *See McKinnie*, 24 F.4th at 588 (refusing to find extraordinary and compelling reasons where defendant offered "no evidence as to how [defendant's medical] conditions have worsened since sentencing"). Because Adamson has failed to demonstrate the existence of extraordinary and compelling reasons, her compassionate release motion would fail for this reason alone. *See Elias*, 984 F.3d at 519.

Even if Adamson had demonstrated the requisite extraordinary and compelling reasons, a reduction of the prison term would not be appropriate in light of the sentencing factors in 18 U.S.C. § 3553(a). As the Court determined at sentencing, Adamson was integral to a fraud conspiracy that spanned several years, as she was ideally positioned to both falsify study results to the pharmaceutical companies and to encourage and condone the fraudulent activity of her employees. Additionally, as the government correctly observes, unlike her co-conspirators, Adamson had the education and training to know (and willfully ignore) the ethical parameters for conducting clinical trials. (Doc. No. 319, at 9.) Given that Adamson already received substantial consideration at sentencing for her medical conditions, a further reduction of her sentence would undermine the need for the sentence imposed to reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, and afford adequate deterrence. *See* § 3553(a). Because, after considering all the relevant sentencing factors, the Court would find that a further sentence reduction would not be warranted, her motion would fail for this additional reason.

---

[4] At the time of sentencing, the Court was aware that Adamson's medical conditions would, unfortunately, "only worsen over time." (Doc. No. 246 ¶ 58.) The Court took this into consideration in crafting its sentence.

## III.    CONCLUSION

For the foregoing reasons, Adamson's motion is DENIED.

**IT IS SO ORDERED**.

Dated: May 10, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**